## PERRY v. BARRETT, et al.

Circuit Court, Palm Beach County.

March 9, April 28 and July 25, 1955.

Edward L. Bush, Palatka, for plaintiff.

Nowlin & Adams, West Palm Beach, for defendants.

JOSEPH S. WHITE, Circuit Judge.

*Order directing pre-trial conference*: The court directs the attorneys for the parties to appear before it for a pre-trial conference on Wednesday, April 27, 1955 at 2 P.M. at the court house,

West Palm Beach, Florida. In order that the conference may be most helpful, please be as fully informed on the facts, and as prepared on the law, as you expect to be on the day of trial.

All documentary evidence must be presented at the pre-trial conference. Only that presented at the conference will be admitted in evidence, except for good cause. All discovery should be completed before the conference. Experience has indicated that if counsel are fully apprised of the facts, the presence of the litigants at the conference is unnecessary.

Upon failure of the attorney to attend the hearing, it shall be within the court's discretion, sua sponte, to dismiss the suit or strike the answer, or take such action as the manifest justice of the cause requires.

*Memorandum of pre-trial conference*: A pre-trial conference was held in the above styled cause on Wednesday, April 27, 1955 at 2 P.M. Present were: Edward L. Bush, Esq., for the plaintiff, and J. W. Nowlin, Esq., for the defendants.

In this case the plaintiff seeks to recover the sum of $3,104, being the down payment on a contract for the purchase of certain real estate in Palm Beach County.

The parties have agreed that the pleadings shall be taken as amended to show the correct name of the defendant Benson to be Fred G. Benson, and plaintiff further amends his complaint to charge in paragraph 1 of the second claim that defendants were obligated to deliver a deed within a reasonable time rather than within 60 days.

The plaintiff claims that he is entitled to a refund of his money because it was subsequently discovered that the property was encumbered by a roadway. Defendants admit that the property was so encumbered by a roadway which bisected the property from east to west about midway of the property. Defendants say that after this was discovered they explained to plaintiff that they could and would proceed to remove the roadway from its location midway of the property to the south end thereof so that the property would not be thus divided by the roadway. Defendants say that thereupon plaintiff stated that defendants need not bother to proceed further in that regard, as he, the plaintiff, did not intend to, and would not perform the contract, but had abandoned it. In reply to this contention plaintiff takes two stands—first, he says that such an occurrence did not take place, and second, he says that even if it did, as a matter of law, it would not constitute a de-

fense to his claim made in the bill of complaint. The plaintiff has handed to the court a letter dated November 17, 1952 to which is attached a small pencil sketch, and the parties have agreed that it may be received in evidence as having been written by James J. Mahoney to the plaintiff. James J. Mahoney was a salesman representing the defendant Coast Line Realty, as agents for the sellers in this transaction.

The parties have agreed that the contract attached to the complaint as Exhibit A shall be considered in evidence, and that the sellers received the down payment of $3,104 as stated in the contract.

The defendants have handed to the court a letter dated November 12, 1952, and a letter dated November 21, 1952, which they propose to offer in evidence at the trial, and the same will be received upon proper proof that the letters were written and mailed by the plaintiff to Mr. Mahoney. Either one of the parties may at the trial offer a true and correct plat or sketch of the lands in question.

At the trial the defendants will have the burden of going forward with proof in support of the defense as above stated. Thereafter plaintiff may offer proof in rebuttal, and each side may submit law on any relevant questions presented by the testimony and the issues thus made.

The case is set for trial and will be tried on Wednesday, June 29th, 1955 at 9:30 A.M. The parties will present all of their proof at that time, and the matter will be argued on final hearing. One-half day has been reserved for the trial.

*Final decree*: This cause came on for the entry of final decree upon the pleadings, testimony taken orally before the court, and argument of counsel.

This is a suit by a purchaser under written contract for the sale of real estate, to rescind the contract on account of defect in the vendors' title. The defect in question consisted of an easement for a roadway running from east to west across the property in question, about half way between the northerly and southerly boundaries thereof.

It is conceded by all that the easement was intended to be granted along the northerly boundary of the property and not across its middle. It was erroneously located in the latter position, due to a mutual mistake of the parties to the easement.

The contract in question provides that "in the event that the title shall not be found good and marketable, the sellers agree to

use reasonable diligence to make said title good and marketable, and shall have a reasonable time so to do * * *."

The defect in question was called to the purchaser's attention by a letter from the real estate broker, dated November 17, 1952. The purchaser replied by letter dated November 21, 1952. At no time did the purchaser make a clear and unequivocal demand that the defect be removed. It seems to the court that to place the vendors in default for not removing the defect in title within "a reasonable time," the purchaser should have made a demand for removal of the defect or, before bringing suit, put the vendors on notice in some clear and certain manner that he expected the defect to be removed within a specified period of time. This was not done. On the contrary, at the time of bringing suit, the purchaser had taken no firm stand on the matter—the vendors were still in a state of uncertainty as to the purchaser's intention regarding fulfillment of the contract.

The court is unable to say that in equity and good conscience, the purchaser is entitled to a rescission under the circumstances as shown in this case.

Thereupon, it is ordered and adjudged that the bill of complaint is dismissed, with costs to be taxed against the plaintiff.